**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 18 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHNNY R. ANDOE, | No. 17-35178 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-00395-REB |
| v. | |
| DONALD J. TRUMP[*], President; et al., | MEMORANDUM[**] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Ronald E. Bush, Magistrate Judge, Presiding[***]

Submitted July 11, 2017[****]

Before:    CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Johnny R. Andoe, an Idaho state prisoner, appeals pro se from the district

court's judgment dismissing his action brought under *Bivens v. Six Unknown*

---

[*]    Donald J. Trump has been substituted for his predecessor, Barack Obama, as President of the United States under Fed R. App. P. 43(c)(2).

[**]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***]    Andoe consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[****]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), challenging the constitutionality of various federal and state laws. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We reverse and remand.

The district court dismissed Andoe's action on the basis that it was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). However, we note that none of the statutes cited in the complaint are relevant to Andoe's criminal conviction or term of confinement. Thus, success on the merits of Andoe's constitutional challenge would not necessarily imply the invalidity of his conviction or sentence. *See id.* at 487 (explaining that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"). We reverse the judgment, and remand for the district court to consider the merits of Andoe's claims in the first instance, and to determine whether leave to amend would be appropriate. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("[A] pro se litigant is entitled to notice of

2                                                                    17-35178

the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

**REVERSED and REMANDED.**